UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SETH SCHEIBEL,**

    **Plaintiff,**

v.                                                    Case No: 6:23-cv-567-UAM

**MICHAEL GRILLAKIS, BONNIE GRILLAKIS, JOHN GRILLAKIS, and STRAIGHT OUTTA PHILLY, LLC,**

    **Defendants.**

## ORDER

This cause comes before the Court on a Motion for Default Judgment Against Straight Outta Philly, LLC filed by Plaintiff Seth Scheibel ("Plaintiff"). (Doc. 72). Before requesting an entry of default by the clerk of court, Plaintiff seeks default judgment against defendant Straight Outta Philly, LLC for failure to obtain counsel to defend itself in this action in violation of the Court's Order (Doc. 71). Straight Outta Philly, LLC—now represented by counsel—has not filed a response to date, although the time to do so has not yet passed. For the reasons explained below, Plaintiff's motion for default judgment is due to be denied without prejudice.

In light of the bench trial set for the trial term commencing on March 24, 2025, and counsel for Defendants Michael Grillakis, Bonnie Grillakis, John Grillakis, and Straight Outta Philly, LLC (collectively, the "Defendants") now joining the case, this Order will also serve as a notice of a hearing set for **March 3, 2025 at 10 a.m.** via Zoom video conference before Magistrate Judge Philip R. Lammens.

I. **BACKGROUND**

Plaintiff initiated this franchise case against Defendants on March 28, 2023. (Doc. 1). The essence of this action is a claim by Plaintiff that he purchased a restaurant franchise called "Straight Outta Philly" from Defendants under what he says were false pretenses and without having been provided a franchise disclosure document as the law requires. (Doc. 19).

The operative amended complaint alleges: (1) a violation of Florida's Deceptive and Unfair Trade Practices Act against all four Defendants; (2) a violation of the Florida Franchise Act against all four Defendants; (3) fraudulent inducement against all four Defendants in connection; (4) negligent misrepresentation against all four Defendants; (5) breach of the franchise agreement against Michael Grillakis, Bonnie Grillakis, and Straight Outta Philly, LLC; (6) breach of the purchase agreement against Bonnie Grillakis, John Grillakis, and Straight Outta Philly, LLC; and (7) rescission against all four Defendants. (*Id.*). On February 5, 2024, after the Court denied Defendants' motion to dismiss (Doc. 27), Defendants—through counsel James Doyle Henderson and Allan Paxton Whitehead—filed an answer to the amended complaint (Doc. 28).

Several months later, on September 4, 2024, the Court granted attorneys James Doyle Henderson and Allan Paxton Whitehead's amended motion to withdraw as counsel for Defendants. (Doc. 66). The Court advised Straight Outta Philly, LLC that as a corporate entity, it can only be heard through counsel admitted to practice in this Court and noted that a failure to obtain counsel may result in "adverse rulings including, without limitation, default and the entry of default judgment against it." (*See* Docs. 66 & 69). The Court allowed Straight Outta Philly, LLC until February 6, 2025 to retain counsel, requiring new counsel to file a notice of appearance, and directed Plaintiff to move for default seven days thereafter should

Straight Outta Philly, LLC fail to obtain counsel within the time prescribed. (*See* Docs. 69 & 71). The Court also advised individual defendants Michael Grillakis, Bonnie Brillakis, and John Grillakis (collectively, the "Individual Defendants") that they may proceed *pro se* and allowed the Individual Defendants until February 6, 2025 to file a notice of appearance of counsel or notify the Court that they will proceed *pro se*. (*See* Docs. 66, 69, & 71).

Despite granting Defendants' motion for an extension of time to retain counsel (Doc. 71), no notice of appearance was filed on behalf of any of the Defendants, nor did the Individual Defendants file a notice of *pro se* status by the February 6, 2025 deadline. As a result, on February 19, 2025, Plaintiff filed this instant motion for default judgment (Doc. 72), seeking entry of default judgment against Straight Outta Philly, LLC, despite having not obtained a clerk's entry of default against Straight Outta Philly, LLC. Although Straight Outta Philly, LLC has not filed a response in opposition to Plaintiff's motion for default judgment,[1] attorney Anthony Robinson filed a notice of appearance on February 25, 2025, stating that all four Defendants have retained him as counsel. (Doc. 73).

**This case is currently set for a bench trial on March 24, 2025 and March 25, 2025 at 9:00 a.m. in Orlando Courtroom 4C. (Doc. 67). The parties were previously advised that if the trial proceeds, it may be moved to Ocala, Florida (Doc. 71), pending further notice from the Court should that occur.**

---

[1] Since Plaintiff filed the instant motion for default judgment on February 19, 2025, Straight Outta Philly, LLC's deadline to respond to the complaint would have been March 5, 2025. *See* M.D. Fla. Local R. 3.01(c). However, it is unclear whether Straight Outta Philly, LLC was properly served, as there was no return of service filed by Plaintiff showing that he served Straight Outta Philly, LLC with notice of the application for default judgment.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55, a two-step process exists for obtaining a default judgment. *See* Fed. R. Civ. P. 55; *Awgi, LLC v. Team Smart Move, LLC*, No. 612CV948ORL22DAB, 2012 WL 12904224, at *1 (M.D. Fla. Sept. 28, 2012), *report and recommendation adopted*, No. 612CV948ORL37DAB, 2012 WL 12904225 (M.D. Fla. Oct. 4, 2012). First, the moving party must obtain an entry of default from the clerk of court. *See* Fed. R. Civ. P. 55(a) (stating that the clerk of court must enter the party's default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise"). Second, after a default has been entered, the party must apply to the court for a default judgment. *See* Fed. R. Civ. P. 55(b). As a result, in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court, Plaintiff must first obtain a clerk's default before moving for default judgment. *See* Fed. R. Civ. P. 55(a), (b); M.D. Fla. Local R. 1.10.

## III. DISCUSSION

As an initial matter, the motion for default judgment is due to be denied as premature because a clerk's entry of default must be entered before default judgment. *See Awgi, LLC*, 2012 WL 12904224, at *1 ("'[T]he clerk's entry of default must precede an application' for default judgment.") (quoting *Deforest v. Johnny Chisholm Glob. Events, LLC*, No. 3:08CV498MCREMT, 2010 WL 1792094, at *7 (N.D. Fla. May 4, 2010)); *Cummings v. MNR Ramy, Inc.*, No. 6:19-CV-2010-RBD-GJK, 2021 WL 7450452, at *1 (M.D. Fla. Aug. 20, 2021) ("[B]ecause [p]laintiff did not obtain a clerk's default against Garnishee, a default judgment is unavailable."); *Bardfield v. Chisholm Props. Cir. Events, LLC*, No. 3:09-CV-232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) ("The law is clear that the[ ] two separate steps [under

Rule 55] cannot be combined into one."). In this instance, Plaintiff filed the instant motion for default judgment against Straight Outta Philly, LLC before obtaining the clerk's entry of default against Straight Outta Philly, LLC pursuant to Federal Rule of Civil Procedure 55(a) and the Local Rules. *See* Fed. R. Civ. P. 55(a); M.D. Fla. Local R. 1.10(b). To date, Plaintiff has not obtained the clerk's entry of default against Straight Outta Philly, LLC. Thus, Plaintiff has failed to comply with the two-step process under Rule 55.

Further, even if the motion were ripe for resolution, the motion for default judgment is due to be denied on the basis that Straight Outta Philly, LLC has shown an intent to defend itself in this action by retaining counsel. *See* 2007 Amendment Advisory Committee Notes to Fed. R. Civ. P. 55(a) (noting that courts routinely reject default judgment where a party shows intent to defend even if not connected with any rule); *Woodbury v. Sears, Roebuck & Co.*, 152 F.R.D. 229, 237 (M.D. Fla. 1993) ("[T]he drastic remedy of a default judgment should not be resorted to where a party has made a clear intent to defend."); *see also In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) ("[T]here is a strong policy of determining cases on their merits and we therefore view defaults with disfavor.").

In this case, Plaintiff seeks entry of default judgment against Straight Outta Philly, LLC for failure to obtain counsel to defend itself in this action in violation of the Court's Order (Doc. 71), which required it to obtain counsel admitted to practice in this Court and for such counsel to file a notice of appearance no later than February 6, 2025. Although Straight Outta Philly, LLC failed to timely comply with the Court's February 6, 2025 deadline, attorney Anthony Robinson filed a notice of appearance on February 25, 2025, making his appearance in this case as counsel for all Defendants, including Straight Outta Philly, LLC. (Doc. 73). As such, Straight Outta Philly, LLC has demonstrated a clear intent

to defend itself by retaining counsel.[2] *See Sainvil v. E &R Cleaning Serv., Inc.*, No. 619CV1179ORL78GJK, 2019 WL 13155427, at *1 (M.D. Fla. Aug. 26, 2019) (denying a motion for clerk's default against defendant Anthony Sabia because Mr. Sabia demonstrated a clear intent to defend himself by filing and signing a motion to dismiss after plaintiff's motion for clerk's default was filed).

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment Against Straight Outta Philly, LLC (Doc. 72) is **DENIED without prejudice**.

Because the Court is denying Plaintiff's motion for default judgment, this case will proceed accordingly. While the Court recognizes that a bench trial is set for the trial term commencing on March 24, 2025, the Court is also mindful of the fact that Defendants recently retained Anthony Robinson as counsel. Accordingly, a status conference hearing will be set for **March 3, 2025 at 10 a.m.** via Zoom video conference with all the named parties in this action before Magistrate Judge Philip R. Lammens. The Clerk is directed to send a Zoom invite to Plaintiff's counsel via email at phil@forwardlawfirm.com and to Defendants' counsel via email at info@bicolegalcompliance.com with instructions on how to join the hearing.

---

[2] Because no entry of default has been entered against Straight Outta Philly, LLC, Federal Rule of Civil Procedure 55(c), which provides that the Court "may set aside an entry of default for good cause," does not apply here. *See* Fed. R. Civ. P. 55(c).

**DONE** and **ORDERED** in Ocala, Florida on February 26, 2025.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties